UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 12-cv-7601 (DMC) |
| | : | |
| TIGER ASIA MANAGEMENT, LLC, | : | |
| TIGER ASIA PARTNERS, LLC, | : | |
| SUNG KOOK (a/k/a BILL) HWANG, | : | |
|  and | : | |
| RAYMOND Y.H. PARK | : | |
| | : | |
| Defendants. | : | |

**FINAL JUDGMENT AS TO DEFENDANT TIGER ASIA PARTNERS, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant Tiger

Asia Partners, LLC having entered a general appearance; consented to the Court's jurisdiction

over Defendant and the subject matter of this action; consented to entry of this Final Judgment

without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C. §§80b-6(1) and 80b-6(2)], by using the mails or any means or instrumentalities of interstate commerce:

    (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

    (b) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. §§80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentalities of interstate commerce:

    (a) to make any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which

3

there were made, not misleading, to any investor or prospective investor in a pooled

investment vehicle; or

(b) to engage in any act, practice, or course of business that was fraudulent, deceptive or

manipulative with respect to any investor or prospective investor in a pooled

investment vehicle.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is jointly

and severally liable with Sung Kook Hwang and Tiger Asia Management, LLC for disgorgement

of $16,754,085, representing profits gained as a result of the conduct alleged in the Complaint,

and is jointly and severally liable with Sung Kook Hwang and Tiger Asia Management, LLC for

prejudgment interest in the amount of $2,294,702 both of which shall be credited dollar for

dollar by the amount ordered to be paid in restitution upon entry of the criminal judgment in

United States v. Tiger Asia Management, LLC.  Payment is due 14 days after entry of this Final

Judgment or 14 days after entry of the criminal judgment, whichever is later.  Defendant is

individually liable for a penalty, pursuant to Section 21A of the Exchange Act and Section

209(e) of the Advisers Act, in the amount of $8,294,348.  Defendant shall satisfy the penalty due

by paying $8,294,348 to the Securities and Exchange Commission within 14 days after entry of

this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Tiger Asia Partners, LLC's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment, or entry of the restitution order, whichever is later. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

5

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _Dec 14, 2012_

_____
UNITED STATES DISTRICT JUDGE

Dennis M. Cavanaugh
U.S. District Judge

6